# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 28,965**

**ELSON HONNIE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Stephanie Erin Brunson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals from the district court's order affirming the magistrate court's denial of his motion to suppress on grounds that the officer's stop was invalid,

and not based on the community caretaker doctrine. This Court's first notice proposed to affirm the district court. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and affirm.

Defendant urges this Court to revisit *State v. Walters,* 1997-NMCA-013, 123 N.M. 88, 934 P.2d 282, because he asserts that it conflicts with the determination in *State v. Ryon,* 2005-NMSC-005, 137 N.M. 174, 108 P.3d 1032, that the community caretaking function must be totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute. [MIO 3, 7] Defendant contends that in *Walters*, the community caretaking doctrine was expanded to cover even those instances in which an officer is actually acting on a non-specific, inarticulable hunch that the defendant is committing a crime but has no reasonable suspicion for an investigatory detention. [MIO 7] We disagree.

In *Walters*, the defendant argued that the police officer did not conduct the stop based on the community caretaker doctrine because the stop was not voluntary. 1997-NMCA-013, ¶ 11. The *Walters* defendant pulled over because he felt compelled by the manner in which the officer followed him, and that because the stop was not consensual, reasonable suspicion was required. *Id.* This Court disagreed, analyzed whether the stop was consensual, and determined that a district court could have reasonably concluded that the defendant was not compelled to stop and that the officer

2

was acting within his caretaker function. *Id.* ¶¶ 11-12, 15, 25. *Ryon* later clarified the community caretaker exception: "[c]haracterization of the exception as a voluntary or consensual encounter was wrong." 2005-NMSC-005, ¶ 20. Despite this later explanation, nothing in *Ryon* suggests that *Walters* impermissibly broadened the scope of the community caretaker doctrine, as Defendant argues. In fact, *Ryon* appears to have broadened the community caretaker inquiry. *See* 2005-NMSC-005, ¶ 20 ("*Walters* ought not be viewed as limiting the community caretaker exception to voluntary or consensual police-citizen encounters.").

When police are acting as community caretakers, reasonable suspicion and probable cause are not at issue. *Ryon,* 2005-NMSC-005, ¶ 20. "In New Mexico we have recognized that officers may stop a vehicle on a public road without probable cause or reasonable suspicion on the basis of a specific, articulable safety concern in their capacity as community caretakers." *Id.* ¶ 16 (internal quotation marks and citation omitted). Where the initial contact by the police is motivated by a concern for public safety rather than a criminal investigation, police need not justify their decision to approach a person and ask questions. *See id.* ¶ 17. In a community caretaker case involving an automobile, we consider whether the officer had "a specific and articulable concern for public safety requiring the officer's general assistance." *Ryon*, 2005-NMSC-005, ¶ 26. There was sufficient evidence in the present case to establish

3

that the officer articulated a specific concern for Defendant's safety.

The officer testified that he saw Defendant's vehicle moving slowly on a state highway and then followed the car as it pulled into the parking lot of a closed business. [RP 082] The officer approached the car after seeing Defendant get out of the driver's side and run around to the passenger side. [RP 083] Specifically, the officer testified that he made contact with Defendant in order to determine if any help was needed. [RP 084] Based on these facts, we conclude that the district court could reasonably conclude that the officer stopped to see if anything was wrong and that as a result, the officer acted as a community caretaker. *See State v. Reynolds*, 117 N.M. 23, 25, 868 P.2d 668, 670 (Ct. App. 1993) ("It is appropriate, then, for police officers to stop vehicles for a specific, articulable safety concern."), *rev'd on other grounds*, 119 N.M. 383, 890 P.2d 1315. Therefore, Defendant was not seized in violation of the Fourth Amendment. *See Walters*, 1997-NMCA-013, ¶ 10 (explaining that a community caretaker stop is not a seizure that implicates the Fourth Amendment).

For these reasons, and those stated in the first notice, we affirm the district court.

**IT IS SO ORDERED.**

4

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**